## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08-1332 |
| | ) | |
| YOLANDE JOHNSON[1], | ) | The Honorable |
| | ) | Michael M. Mihm, |
| Respondent. | ) | Judge Presiding. |

## **ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and this Court's November 17, 2008 order (Doc. 5), respondent answers the instant habeas corpus petition as follows:

1.     Petitioner Anthony Gay is incarcerated at the Tamms Correctional Center in Tamms, Illinois, where he is identified as prisoner number B62251. Petitioner is in the custody of Yolande Johnson, that facility's acting warden.

2.     In 2003, petitioner, then as now an inmate of the Illinois Department of Corrections, was charged with aggravated battery and unlawful possession of a weapon by an inmate in Livingston County case number 03-CF-146.  (Exh. C at 1). Petitioner elected to proceed pro se and, on March 13, 2006, pleaded guilty to both

---

[1]  Yolande Johnson is now the acting warden at Tamms Correctional Center, where petitioner is currently confined.  Pursuant to Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts, Johnson should be substituted as the respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)).

charges pursuant to a plea agreement that required the State to (1) recommend concurrent seven-year terms of imprisonment; and (2) allow petitioner to make two free 30-minute telephone calls.  (*Id.* at 1-4, 7).  At the plea hearing, the parties described the terms of the agreement, and the court admonished petitioner in accordance with Illinois Supreme Court Rule 402(a).  (*Id.* at 2-4).  The court then "accepted [petitioner's] plea as knowing and voluntary" and sentenced him to two concurrent seven-year terms of imprisonment.  (*Id.* at 4).  Later that month, the State advised the court that petitioner had made one of his allotted telephone calls on March 16, 2006, three days after he entered his guilty plea.  (*Id.*).

     3.     On April 10, 2006, petitioner moved to withdraw his plea on the basis that he was "under duress" when he entered it.  (*Id.*).  The motion alleged that petitioner faced dismissal of a federal civil rights suit regarding prison medical care unless he paid the filing fee in that case by March 15, 2006, and that he pleaded guilty in his criminal case so that he could use the free telephone calls to contact family members and ask them to pay the filing fee.  (*Id.* at 4-5).  Petitioner attached to his motion a copy of a February 28, 2006 order in *Gay v. Chandra*, No. 05-150-MJR (S.D. Ill.), noting that petitioner had filed at least three previous prisoner suits that had been dismissed for frivolousness or failure to state a claim and allowing him 15 days to either "show how he is in imminent danger of serious physical injury" or pay the filing fee.  *See* 28 U.S.C. § 1915(g).  (Exh. A at A8-A9).

2

4.    The trial court appointed counsel to represent petitioner and held a

hearing on his motion to withdraw his plea in November 2006.  (Exh. C at 5).  At

the hearing, petitioner testified that he "plead[ed] guilty to get the phone calls" with

the intention of moving to withdraw the plea once the calls had been made.  (*Id.*).

Petitioner acknowledged that he never informed the court or the State about the

pending dismissal of his civil suit and that he never stated his reasons for

requesting the phone calls.  (*Id.*).  He further admitted that the State had fulfilled

all of its obligations under the plea agreement.  (*Id.*).  At the conclusion of the

hearing, the trial court found that petitioner had committed a "purposeful,

calculated fraud" on both the court and the State and denied petitioner's motion to

withdraw his plea.  (*Id.* at 5-6).

5.    Petitioner appealed, and the appellate court affirmed.  (Exh. C).  The

following facts found by the appellate court are unchallenged by petitioner and are

thus presumed correct under 28 U.S.C. § 2254(e)(1):

> [Petitioner] entered into a negotiated plea agreement . . . in
> exchange for the State's agreement to recommend two concurrent
> seven-year prison terms and the opportunity to place two 30-minute
> telephone calls.  The trial court properly admonished [petitioner]
> regarding the nature of the charges, the applicable sentencing factors,
> and the rights he would be waiving by pleading guilty. [Petitioner]
> acknowledged that he understood the admonitions and proceeded to
> plead guilty.
>
> [Petitioner] faced a range of punishment of 5 to 10 years [on the
> aggravated battery charge and] 4 to 15 years [on the weapons charge].
> The agreed sentence of two concurrent seven-year terms was not
> unreasonable.  In addition, [petitioner] obtained the opportunity to
> place his desired telephone calls.  Although neither the trial court nor
> the State was aware of the underlying purpose of the telephone calls,

[petitioner] negotiated an agreement suitable to him and objectively reasonable. Pursuant to the trial court's inquiry into the issue, nothing indicated that [petitioner] was under duress when he entered his plea.

Further, [petitioner's] testimony at the hearing on the motion to withdraw his guilty plea is telling of his subjective intent at the time he entered into the plea agreement. He not only knew what he was doing at the time he pleaded guilty, in terms of waiving his rights associated with a trial, but, at the same time, he was discreetly planning his strategy to relieve himself of the consequences of his plea. In light of this testimony, [petitioner] cannot in good faith ask this court to reverse the trial court's order denying his motion. His plea was knowingly and voluntarily entered, albeit with an impending, ulterior motive.

(Exh. C at 7-8).

6.    Petitioner filed a petition for leave to appeal (PLA) raising the duress issue (Exh. D), and the Illinois Supreme Court denied leave to appeal on January 30, 2008 (Exh. E).

7.    According to the instant § 2254 petition, petitioner filed a state postconviction petition challenging "pre-indictment delay" that remains pending in the Circuit Court of Livingston County. (Pet. 2-3).

8.    In November 2008, petitioner filed the instant federal habeas petition arguing that his plea was involuntary because he was "under duress his civil [suit] would be dismissed." (Pet. 4).

9.    Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, respondent states as follows:

A.    Petitioner's claim is not barred by a failure to exhaust state remedies.

B.    Petitioner's claim is not procedurally barred.

4

C.    The doctrine of non-retroactivity is not relevant to petitioner's case because petitioner does not claim a violation of any newly recognized constitutional right.

D.    Petitioner's federal petition is timely.

10.    Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent attaches the following exhibits:

Exhibit A :   Brief and Argument for Defendant-Appellant, *People v. Gay*, No. 4-06-1044;

Exhibit B:   Brief and Argument for Plaintiff-Appellee, *People v. Gay*, No. 4-06-1044;

Exhibit C:   *People v. Gay*, No. 4-06-1044 (Ill.App. Oct. 3, 2007);

Exhibit D:   PLA, *People v. Gay*, No. 105674; and

Exhibit E:   *People v. Gay*, 882 N.E.2d 80 (Ill. Jan. 30, 2008) (denying PLA).

## RESPONSE TO PETITIONER'S CLAIM

To obtain federal habeas relief on his claim that his guilty plea was involuntary, petitioner must prove that his plea was induced by improper threats or promises. *See* 28 U.S.C. § 2254(a); *Brady v. United States*, 397 U.S. 742, 748 (1970) (guilty pleas constitute compelled self-incrimination only if "induced by threats [or promises] that are by their nature improper"). In addition, because the Illinois Appellate Court adjudicated petitioner's voluntariness claim on the merits, *see* Exh. C, petitioner must demonstrate that the state court's adjudication (1) was contrary to, or involved an unreasonable application of, clearly established federal law, or (2)

5

was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).

Petitioner makes neither showing.

Petitioner cannot establish that his guilty plea was involuntary because it was not induced by improper threats or promises.  On the contrary, both of the "threats" petitioner faced — dismissal of his federal civil suit and conviction of state criminal charges — were perfectly lawful.  The prosecution itself would have been improper only if the State knew petitioner to be innocent, and petitioner does not claim that was the case.  *See, e.g., Politte v. United States*, 852 F.2d 924, 930 (7th Cir. 1988) ("[A] good faith prosecution . . . cannot form the basis of a claim . . . that a plea was involuntarily made.").  And the dismissal of petitioner's civil suit was likewise permissible.  *See, e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) ("[T]he three strikes *in forma pauperis* provision of 28 U.S.C. § 1915(g) passes constitutional muster."); *Wilson v. Yaklich*, 148 F.3d 596, 599 (6th Cir. 1998) (rejecting argument that PLRA is unconstitutional).  Finally, there was nothing improper about the State's promise to grant petitioner free telephone calls in exchange for his plea.  *See, e.g., United States v. Spilmon*, 454 F.3d 657, 659 (7th Cir.) ("[I]t is not duress to offer someone a benefit you have every right to refuse to confer, in exchange for suitable consideration."), *cert. denied*, 549 U.S. 1032 (2006); *United States v. Keeter*, 130 F.3d 297, 300 (7th Cir. 1997) (that prosecutors may "offer strong inducements" does not render guilty plea involuntary).  Because none of the "threats" or promises in petitioner's case were "by their nature improper,"

6

*Brady,* 397 U.S. at 748, the state court's determination that petitioner's plea was voluntary was correct, and in any event not unreasonable.  Accordingly, petitioner's claim that his plea was involuntary provides no basis for habeas relief.

## **CONCLUSION**

This Court should deny the petition with prejudice.

January 8, 2009                                 Respectfully submitted,

                                                Lisa Madigan
                                                Attorney General of Illinois

                              By:       /s/ Retha Stotts
                                        RETHA STOTTS, Bar #6270680
                                        Assistant Attorney General
                                        100 W. Randolph Street, 12th Floor
                                        Chicago, Illinois 60601-3218
                                        PHONE: (312) 814-0010
                                        FAX: (312) 814-5166
                                        EMAIL: rstotts@atg.state.il.us

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 8, 2009, I electronically filed respondent's **Answer** with the Clerk of the United States District Court for the Central District of Illinois, Peoria Division, using the CM/ECF system, and on the same date mailed a copy of the document via the United States Postal Service to the following non-CM/ECF user:

Anthony Gay, #B62251
Tamms Correctional Center
8500 Supermax Road
Tamms, IL 62988.

/s/ Retha Stotts_____
RETHA STOTTS, Bar #6270680
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-0010
FAX: (312) 814-5166
EMAIL: rstotts@atg.state.il.us