**E-FILED**
Friday, 19 June, 2009  02:47:22 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

ANTHONY GAY,            )
                               )
        Petitioner,      )
                               )
        v.                )         Case No. 08-1332
                               )
YOLANDE JOHNSON, Warden,  )
                               )
        Respondent.     )

# O R D E R

This matter is now before the Court on Petitioner, Anthony Gay's ("Gay"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the § 2254 Petition [#3] is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

In 2003, while an inmate in the Illinois Department of Corrections, Gay was charged in the Circuit Court for Livingston County with aggravated battery and unlawful possession of a weapon by an inmate following an incident during which he intentionally threw feces at a corrections officer. On March 13, 2006, he pled guilty to both charges pursuant to a plea agreement under which the State agreed to recommend concurrent terms of seven years' imprisonment and allow Gay to make two free 30-minute phone calls. Gay was admonished pursuant to Supreme Court Rule 402(a), and the circuit court accepted the plea as knowing and voluntary. He was sentenced to two concurrent terms of seven years' imprisonment and made one of his free phone calls within three days after entering his guilty plea.

On April 10, 2006, Gay moved to withdraw his guilty plea, claiming to have been under duress at the time he entered into it. He alleged that he faced dismissal of his

federal civil rights suit regarding prison medical care unless he paid the filing fee in that case by March 15, 2006, and that he had pled guilty in his criminal case so that he could use the free phone calls to contact family members to ask them to pay the filing fee in his civil case.  After appointing counsel to represent Gay, the circuit court held an evidentiary hearing on the motion to withdraw the guilty plea.  During the hearing, Gay testified that he pled guilty to get the phone calls, all the while intending to withdraw the plea once his calls had been made.  He further acknowledged that he had never informed either the court or the State about his dilemma with his civil suit or the purpose for his phone calls and that the State had complied with its obligations under the plea agreement.   The circuit court then denied the motion, finding that Gay had committed a "purposeful, calculated fraud" on the court and the state.

Gay pursued an appeal to the Illinois Appellate Court, and his sentence was affirmed on October 3, 2007.  He filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on January 30, 2008.

In November 2008, Gay initiated an attempt to collaterally attack his sentence and conviction through a post-conviction petition pursuant to 725 ILCS 5/122-1 in the Circuit Court of Livingston County.  This petition appears to remain pending, but has no bearing on this 2254 petition, as the sole claim asserted in it was properly presented on Gay's direct appeal.  The State has filed is Answer to the § 2254 petition, and this Order follows.

## DISCUSSION

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the

course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), quoting Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. Id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed. Id. In the present case, Respondent does not argue that Gay has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991). Respondent also concedes that Gay has not procedurally defaulted his claim.

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis.   A petition must be denied with

respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Id. at 869. In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error. Id. at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." Id. at 871, 876-77. Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved. A petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, Gay claims that his right to due process was violated where he was under duress at the time he entered his guilty plea because of his need to call his family to ask them to pay the filing fee to prevent the dismissal of his civil rights action. Because he claims to have only pled guilty in order to receive the free phone calls, he argues that his guilty plea was involuntary.

- 4 -

In addressing this claim on direct appeal, the Illinois Appellate Court noted the dialog between Gay and the circuit court at the time he entered his plea. This dialog indicated his understanding of the rights he would be giving up, that he had been promised a particular sentencing recommendation and the ability to make two free phone calls in exchange for his plea, and that he had no questions concerning the terms of the agreement.

During the evidentiary hearing on the motion to withdraw, Gay testified that his civil rights action alleging that he had been the victim of extreme punishment and cruelty within the DOC was about to be dismissed for non-payment of the filing fee and that the only way to obtain the money was to call family members. In order to get authorization for the phone calls, he made the request a condition of his plea agreement in this case. In other words, the Illinois Appellate Court construed his testimony as indicating that the threatened dismissal of his civil case by another court and the fear of further punishment/abuse if that lawsuit was dismissed was the source of his duress.

The Illinois Appellate Court cited People v. Williams, 188 Ill.2d 365, 370 (Ill. 1999), for the general proposition that, "[d]ue process of law requires that this waiver [in pleading guilty] be voluntary and knowing. If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and, therefore, is void." In support of this proposition, Williams in turn relies on and incorporates the clearly established Supreme Court precedent of Boykin v. Alabama, 395 U.S. 238, 242 (1969); McCarthy v. United States, 394 U.S. 459, 466 (1969); Brady v. United States, 397 U.S. 742, 748 (1970).

In Brady, the Supreme Court held that a guilty plea constitutes compelled self-incrimination only if it is induced by improper threats or promises. Id. Gay represented

himself in negotiating and entering into the guilty plea.  The Illinois Appellate Court noted that the circuit court had properly admonished him about the nature of the charges, sentencing factors, and the rights he would be waiving if he pled guilty and that Gay had acknowledged that he understood these admonitions before proceeding to enter his plea. The Court of Appeals found the negotiated agreement to be objectively reasonable and that there had been no indication that he was under duress at the time.  The Illinois Appellate Court then discussed his testimony at the hearing on his motion to withdraw his guilty plea as "telling of his subjective intent at the time he entered into the plea agreement. He not only knew what he was doing at the time he pleaded guilty, in terms of waiving his rights associated with a trial, but, at the same time, he was discreetly planning his strategy to relieve himself of the consequences of the plea."

The Court finds nothing unreasonable in the Illinois Appellate Court's application of the law to the facts.  This was not Gay's first trip to the rodeo, and his own testimony reveals that he acted intentionally and knowingly in entering his plea, albeit with the mistaken belief that he could have his cake and eat it too by withdrawing his plea as soon as the State had met its end of the bargain.  There is no indication in the record that his plea was induced by threats or improper promises.  To the contrary, Gay's testimony reveals that it was specifically engineered by him as a means to an undisclosed end.  The dismissal of his civil rights suit for lack of payment would have been completely proper under 28 U.S.C. § 1915(g) and has no bearing on his criminal case.  Moreover, any anxiety that he had in regard to keeping his civil case alive could have been alleviated by means other than entering a guilty plea in his criminal case, such as seeking an extension of time from the judge handling his civil case.

Gay cites no clearly established law of the Supreme Court mandating a contrary result, nor does he argue that the Illinois Appellate Court did not apply the proper law to the facts of this case.  He does not argue that the decision was based on an alleged unreasonable determination of the facts and has actually conceded the state court's factual findings by making no effort to challenge the factual findings of the Illinois courts, much less rebut them by clear and convincing evidence.  In fact, he really made no substantive argument at all as to why the state court's findings should be overturned.

Gay essentially does nothing more than ask this Court to accept his bald disagreement with the state court's decision.  Accordingly, the state court determination must be respected, as "the grave remedy of upsetting a judgment entered by another judicial system after full litigation must be reserved for grave occasions."    Gomez v. Acevedo, 106 F.3d 192, 201 (7th Cir. 1997).  Thus, Gay has failed to demonstrate that he is entitled to federal habeas relief, and his Petition must be denied.

## CONCLUSION

For the reasons set forth herein, Gay's petition for writ of habeas corpus  pursuant to § 2254 [#3] is DENIED.  This matter is now terminated.

ENTERED this 19th day of June, 2009.


s/ Michael M. Mihm
_____
Michael M. Mihm
United States District Judge

- 7 -